

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**William G. Rives**
*Assistant Corporation Counsel*
Cell: (646) 581-8031

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/13/2021

April 12, 2021

**VIA ECF**
Hon. Katherine H. Parker
Daniel Patrick Moynihan United States Courthouse
United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *J.M.-U. obo P.U.,  v. N.Y.C. Dep't of Educ.,* 20-cv-10600 (LTS)(KHP)

Dear Judge Parker:

  I am an Assistant Corporation Counsel in the office of Corporation Counsel James E. Johnson, attorney for Defendant in the above-referenced action wherein Plaintiff seeks attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), as well as for this action.

  I write to respectfully request a 90-day stay of this action (including defendant's June 2 deadline to respond to the complaint) pending Plaintiff's counsel's provision to Defendant of relevant attorney billing records, and to respectfully request that Plaintiff be directed to provide those records no later than April 23, 2021.  Plaintiff does not agree to the stay.  Counsel has failed to provide the records some four months after bringing this action, for legal work performed more than three years ago.  These cases have been assigned in my office, but cannot be prepared for settlement discussions without the ability to review the billing records together with the underlying administrative record.

  Unfortunately, it has historically been very difficult to obtain billing records from the Roller Firm in these fees-only actions in federal court.  In September and October of 2020, due to long delays by Plaintiff's counsel across many cases, seven Judges of the Southern District imposed 90-day stays, and ordered the Roller Firm to provide relevant attorney billing records within a week's time.  *See* Order dated October 1, 2020 from Judge Crotty in *I.O. obo G.O. v. N.Y.C. Dep't of Educ.*, 20-cv-5061(PAC)(SN)(ECF 8); Order dated September 28, 2020 from Judge Engelmayer in *J.S. obo M.S. v. NYC DOC*, 20-cv-2105 (PAE)(JLC) (ECF 10); Order dated September 25, 2020, from Judge Failla in *F.S. obo D.M. v. NYC DOE*, 20-cv-4538 (KPF)(OTW) (ECF 9); Order dated September 24, 2020, from Judge Koeltl in *J.J. obo J.J. v. N.Y.C. Dept. of*

*Educ.,* 20-cv-05214 (JGK)(SDA)(ECF No. 7); Order dated September 24, 2020, from Judge McMahon in *D. v. DOE*, 20-cv-00694 (CM) (ECF No. 14); order dated September 11, 2020, from Judge Failla in *D. v. DOE*, 20-cv-2238 (KPF)(GWG) (ECF No. 14); and Order dated September 11, 2020, from Judge Woods in *T. v. DOE*, 20-cv-3816 (GHW)(RWL) (ECF No. 13) (granting request in part).

By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between plaintiff's counsel and the DOE obviating a federal action. Of the small portion of fee claims that do not resolve through settlement directly with DOE, once a federal action is filed they are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A very small fraction of these federal filings go to motion practice.

This case, and many others filed by the Roller firm, are outliers in that Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit. Notwithstanding, my office has successfully negotiated settlements in all but one of the many dozens of similar fees-only actions filed over the past several years by the Roller Firm.

After obtaining prevailing party status on December 16, 2017, the complaint was filed on December 15, 2020. On March 8, 2021, Defendant filed a request for an extension of time to answer (ECF No. 8), with the Plaintiff's consent, so that the parties could engage in settlement negotiations. The Court granted that request on March 8, 2021 (ECF No. 10). Unfortunately, Plaintiff has not provided relevant billing records, despite Defendant's repeated requests for them.

We do not understand Plaintiff's delay. The records at issue should be easy to produce as they are required to be prepared *contemporaneously* with the work plaintiff's counsel purports to have performed in the underlying proceeding. Indeed, on September 11, 2020, Judge Woods granted, in-part, the City's motion for a stay after a conference during which Ms. Roller agreed to produce billing records by a date certain, but did not. As Judge Woods appears to have recognized, it is unclear why counsel is delaying in providing the attorney billing records:

> As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print." What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*See* 20-cv-3816 (GHW)(RWL) transcript 9/11/20 (emphasis added) excerpt annexed hereto.

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days.  <u>Therefore, Defendant respectfully requests that this action be stayed for 90 days, and that Plaintiff's counsel be directed to provide attorney billing records no later than April 23, 2021.</u>

Thank you for considering these requests.

Respectfully submitted,

*/s/*
William G. Rives
Assistant Corporation Counsel

cc: Irina Roller, Esq. (via ECF)

---

**Defendant's applications are GRANTED.  All discovery deadlines shall be stayed for 90 days.  Plaintiff is hereby ordered to provide Defendant with attorney billing records by <u>5:00 p.m. on April 23, 2021</u>.  The parties are directed to provide the Court with a status letter in 90 days.**

SO ORDERED:

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

4/13/2021